RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2 / 6 / 13
JDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT JORDAN #86593 | DOCKET NO. 12-CV-2006; SEC. P |
| VERSUS | JUDGE DRELL |
| TIM KEITH, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Robert Jordan filed the instant civil rights complaint in forma pauperis and pursuant to 42 U.S.C. §1983. Plaintiff is incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He complains that he received delayed medical care in violation of his constitutional rights. He names as defendants Warden Tim Keith, Nurse Spence, and Nurse Practitioner Richardson.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

#### *Factual Allegations*

Plaintiff alleges that he received a flu shot in September 2011, after which his arm began to hurt. On October 2, 2011, Plaintiff made a medical emergency and was seen by an RN and LPN. He told them that his arm had been hurting since he got the flu shot. The exam was unremarkable, but analgesic balm was ordered for Plaintiff. Plaintiff refused the balm, and refused to sign the charge sheet.

At he end of October, inmates were called to take tuberculosis shots. Plaitniff told Nurse Spence that he needed to see a doctor or specialist because his arm still hurt and that he needed to see a specialist. Spence threatened to write him up for malingering. [Doc. #1-2, p.2] Plaintiff argues that she should have referred him to the nurse practitioner or ordered x-rays.

On December 6, 2012, Plaintiff was called to the chronic care clinic because he is over age 50, and inmates over fifty are seen in the clinic every 90 days. He complained of shoulder pain and stated that he may have injured it while lifting weights. An x-ray was ordered. On December 27, 2011, Plaintiff was transported to Huey P. Long hospital for x-rays of his right shoulder. He was diagnosed with a shoulder strain. [Doc. #1, p.3] Flexeril was also ordered and provided to Plaintiff, and he was placed in a shoulder immobilizer. Plaintiff was also referred tot he orthopedic clinic.

On January 3, 2012, Plaintiff was transported to the Huey P Long Orthopedic Clinic. A review of the x-ray showed degenerative joint disease of the right AC joint. [Doc. #1, p.3] Plaintiff received an injection of Marcain and Depo-Medrol in the right shoulder joint, and he was rescheduled to return to the clinic in six weeks. [Doc. #1, p.3]

In his amended complaint, Plaintiff alleges that he made a sick call on August 6, 2012, because the pain had returned. He complains that he was charged another co-pay when he believes he

should not have been charged.

In September 2012, Plaintiff was seen for his routine check-up in the chronic care clinic where his dosage of Flexeril was increased. Plaintiff complains that, because Huey P. Long hospital is closed, he now has to wait for an appointment at LSU hospital in Shreveport.

### *Law and Analysis*

To state a claim under §1983 for the denial of adequate medical care, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976). Even if care is inadequate, it is clear that not all inadequate medical treatment rises to the level of an Eighth Amendment violation; "it is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." See id. at 106. A plaintiff must prove "objectively that he was exposed to a **substantial risk of serious harm**," and that "jail officials acted or failed to act with **deliberate indifference** to that risk," which requires actual knowledge and deliberate disregard. Victoria W. v. Larpenter, 369 F.3d 475, 483 (5th Cir. 2004), *quoting* Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002).

Deliberate indifference in the context of the failure to provide reasonable medical care to a convicted prisoner means that: (1) the prison officials were aware of facts from which an

inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. Thompson v. Upshur County, Texas, 245 F.3d at 458-59. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir.1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

Plaintiff alleges that it took sixty-one days of constant pain before he was sent to the hospital for x-rays. However, the first time he requested medical care for shoulder pain, he reported that the pain was from his flu shot, which he had recently received. At that time, he received medical care and conservative treatment in the form of analgesic balm. Plaintiff chose not to accept the treatment.

Plaintiff does not provide allegations that show, objectively, that he was exposed to a *substantial risk of serious harm*, and that jail officials acted or failed to act with *deliberate indifference* to that risk. He suffers from degenerative joint disease, which is not life-threatening. See eg. Giddings v. Valdez, 2007 WL 1201577 (N.D.Tex. 2007)("The degenerative hip joint disease experienced by Plaintiff fails to constitute a condition which creates an excessive risk to his health or safety. While it is undoubtedly true that [degenerative joint disease] produces pain and impairs a

person's ability to ambulate comfortably, it is not life-threatening.") Additionally, when he was seen by the Nurse Practitioner in the chronic care clinic on December 6, 2011, he had figured out that he injured his shoulder while lifting weights, and that the cause of pain was not the flu shot. Upon hearing this, the Nurse Practitioner wrote an order for Plaintiff to be sent to Huey P. Long hospital for an x-ray of his right shoulder. Less than one month later, Plaintiff was transported to the hospital for those x-rays. Flexeril was recommended by the hospital staff, and Plaintiff was placed in a shoulder immobilizer and referred to the ortho clinic. [Doc. #1-2, p.3] Plaintiff was transported to the LSU orthopedic clinic. He was provided injections in the joint to alleviate pain.

Plaintiff has not presented allegations that prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; that the officials actually drew that inference; and that the officials' response indicated that they subjectively intended that harm occur. Moreover, he has described consistent and thorough treatment by medical staff within and outside of WNC.

### Conclusion

The Court is convinced that Plaintiff has presented the best case that could be presented by him under these circumstances through a complaint and amended complaint, and that further

amendment of the pleadings would serve no useful purpose. Accepting all of Plaintiff's allegations as true,

**IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B) and 1915A.

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 5th day of February, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE